## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

UNITED STATES OF AMERICA;
ALABAMA DEPARTMENT OF
CONSERVATION AND NATURAL
RESOURCES, AND THE
GEOLOGICAL SURVEY OF
ALABAMA, AS AGENCIES OF THE
STATE OF ALABAMA AND AS
TRUSTEES FOR NATURAL
RESOURCES,

      Plaintiffs,

  v.

BASF CORPORATION,

      Defendant.

CIVIL ACTION NO. _____

## COMPLAINT

The United States of America, by the authority of the Attorney General of

the United States, acting at the request of National Oceanic and Atmospheric

Administration ("NOAA") and the Department of the Interior ("DOI"), and the

State Trustees, who are the Alabama Department of Conservation and Natural

Resources ("ADCNR"), and the Geological Survey of Alabama ("GSA"), through the undersigned attorneys, file this complaint and allege as follows:

## NATURE OF ACTION

1.      This is a civil action, brought against BASF Corporation ("Defendant"), as successor in interest to BASF Performance Products LLC (f/k/a Ciba Corporation, f/k/a Ciba Specialty Chemicals Corporation), for recovery of damages for injury to, loss of, or destruction of natural resources under the trusteeship of NOAA, DOI, ADCNR, and GSA (collectively referred to as the "Trustees"), under Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9607, and Section 311(f) of the Federal Water Pollution Control Act (also known as the Clean Water Act or "CWA"), 33 U.S.C. § 1321(f).  The State Trustees also seek relief under the Code of Alabama, 1975, § 22-22-9(m) and (n).  Plaintiffs seek damages in order to compensate for and restore natural resources injured by the releases, threatened releases, or discharges of hazardous substances into the environment at and from the Ciba-Geigy Superfund Site (the "Site") in McIntosh, Washington County, Alabama.  Plaintiffs also seek to recover unreimbursed costs of assessing such damages.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 (federal question), 1345 (United States as plaintiff), Section 113(b) of CERCLA, 42 U.S.C. § 9613(b) (jurisdiction; venue), and Section 311(n) of the CWA, 33 U.S.C. § 1321(n) (jurisdiction).  This Court has jurisdiction over the subject matter of the State Trustees' claims under 28 U.S.C. § 1367(a) (supplemental jurisdiction) because the State Trustees' claims are so related to the United States' claims that they form part of the same case or controversy.

3.     Venue is proper in the Southern District of Alabama, pursuant to 28 U.S.C. §§ 81 (Alabama) and 1391(b) (venue generally), and Section 113(b) of CERCLA, 42 U.S.C. § 9613(b) (jurisdiction; venue), because it is the judicial district in which the releases, threats of releases, or discharges of hazardous substances giving rise to these claims occurred.

## DEFENDANT

4.     Defendant is a "person" within the meaning of Section 101 of CERCLA, 42 U.S.C. § 9601(21), because Defendant is a corporation.

5.     Defendant is a "person" within the meaning of Section 502(5) of the CWA, 33 U.S.C. § 1362(5), because Defendant is a corporation.

## GENERAL ALLEGATIONS

6.     The Site is located two miles northeast of McIntosh, Alabama, near the Tombigbee River, a tributary to the Mobile River and Mobile Bay.

7.     The Ciba-Geigy facility (the "Facility") is a "facility" within the meaning of section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

8.     There have been "releases" and "threatened releases" within the meaning of Sections 101(22) and 107(a) of CERCLA, 42 U.S.C. §§ 9601(22), 9607(a), at and from the Facility, including, *inter alia*, releases of the pesticide dichlorodiphenyltrichloroethane ("DDT") and its degradation products dichlorodiphenyldichloroethane ("DDD") and dichlorodiphenyldichloroethylene ("DDE").

9.     "Hazardous substances" within the meaning of Section 101(14) of CERCLA, 42 U.S.C. § 9601(14), and 40 C.F.R. § 302.4, including DDT, DDD, and DDE, have been released at and from the Facility.

10.     "Natural resources" within the meaning of Section 101(16) of CERCLA, 42 U.S.C. § 9601(16), have been and/or are being injured, lost, or destroyed as a result of the releases of hazardous substances from the Site.

11.     The Facility began operations in 1952 manufacturing DDT.  Through 1970, the Facility was expanded to also produce fluorescent brighteners used in

4

laundry products, herbicides, insecticides, agricultural chelating agents, and
sequestering agents for industry.  Through a series of corporate transactions,
BASF Performance Products LLC acquired the Facility on April 1, 2010.  BASF
Performance Products LLC merged with and into Defendant BASF Corporation,
effective January 1, 2011.

12.     Defendant is the current "owner and operator" of the Facility within
the meaning of section 101(20) of CERCLA, 42 U.S.C. § 9601(20).

13.     Plaintiffs have incurred and continue to incur costs in assessing
damages to natural resources resulting from the releases.

14.     The Facility is an "onshore facility" within the meaning of Section
311(a)(10) of the CWA, 33 U.S.C. § 1321(a)(10).

15.     "Hazardous substances" within the meaning of Section 311(a)(14) of
the CWA, 33 U.S.C. § 1321(a)(14), including but not limited to DDT, DDD, and
DDE, were "discharged within the meaning of Section 311(a)(2) of the CWA, 33
U.S.C. § 1321(a)(2), from the Facility into the Tombigbee River, a tributary of the
Mobile River and Mobile Bay.

16.     The Tombigbee River, the Mobile River, and Mobile Bay are
"navigable waters" of the United States within the meaning of Section 502(7) of
the CWA, 33 U.S.C. § 1362(7).

17.     Defendant is an "owner or operator" of an onshore facility within the meaning of Section 311(a)(6) of the CWA, 33 U.S.C. § 1321(a)(6).

18.     Plaintiffs have incurred and continue to incur costs in assessing damages to natural resources resulting from the discharges.

## FIRST CLAIM FOR RELIEF
### Natural Resource Damages–CERCLA

19.     Paragraphs 1 through 18 are realleged and incorporated herein by reference.

20.     Under Section 107(a)(1) of CERCLA, 42 U.S.C. § 9607(a)(1), Defendant is liable as the "owner and operator" of the Facility.

21.     Defendant is liable as successor to a "person who at the time of disposal of hazardous substances owned or operated" the Facility, under Section 107(a)(2) of CERCLA, 42 U.S.C. § 9607(a)(2).

22.     Pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), Defendant is liable to the United States and to the State Trustees for damages for injury to, destruction of, or loss of natural resources, including the reasonable costs of assessing such injury, destruction, or loss resulting from releases of hazardous substances from the Facility.

## SECOND CLAIM FOR RELIEF
### Natural Resource Damages–Clean Water Act

23.     Paragraphs 1 through 18 are realleged and incorporated herein by reference.

24.     Defendant discharged  hazardous substances from the Facility into navigable waters of the United States in violation of Section 311(b)(3) of the CWA, 33 U.S.C. § 1321(b)(3).

25.     These discharges of hazardous substances caused injury to and destruction of natural resources, further causing the United States and the State Trustees to incur and to continue to incur costs within the meaning of Section 311(f)(2), (f)(4), and (f)(5) of the CWA, 33 U.S.C. § 1321(f)(2), (f)(4), and (f)(5), to restore, rehabilitate, replace, or acquire the equivalent of the natural resources–including resource uses or services–injured, lost, or destroyed as a result of the discharges.

26.     Pursuant to Section 311(f)(2), (f)(4), and (f)(5) of the CWA, 33 U.S.C. § 1321(f)(2), (f)(4), and (f)(5), Defendant is liable to the United States and the State Trustees for all costs incurred and to be incurred in restoring, rehabilitating, replacing, or acquiring the equivalent of the natural resources injured, lost, or destroyed as a result of the discharges, including the costs of

7

assessing such damages.

## THIRD CLAIM FOR RELIEF
### State Claims

27.    Paragraphs 1 through 18 are realleged and incorporated herein by reference.

28.    Under Section 107(a)(1) of CERCLA, 42 U.S.C. § 9607(a)(1), Defendant is liable as the "owner and operator" of the Facility.  Under Code of Alabama, 1975, § 22-22-1(7), Defendant is liable as a "person" responsible for pollution of the waters of the State.

29.    Defendant is liable as successor to a "person who at the time of disposal of hazardous substances owned or operated" the Facility, within the meaning of Sections 101(20) and 107(a)(2) of CERCLA, 42 U.S.C. §§ 9601(20) and  9607(a)(2).

30.    Activities at the Site have resulted in unauthorized contamination of waters of the State and other resources, and damages and assessment costs are recoverable on behalf of the State Trustees pursuant to 42 U.S.C. § 9607 and Code of Alabama, 1975, § 22-22-9(m) and (n).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that this Court:

1.    Award Plaintiffs a judgment against Defendant for all damages for injury to, destruction of, or loss of natural resources, including to resource uses or services, arising from the described releases and discharges from the Facility, including the cost of restoring, rehabilitating, replacing, and/or acquiring the equivalent of those injured resources, and all reasonable assessment costs incurred by Plaintiffs; and

2.    Grant Plaintiffs such other relief as this Court may deem appropriate.

Respectfully submitted,

ROBERT G. DREHER
Acting Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

ANGELA MO
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, DC  20044-7611
Telephone: (202) 514-1707

9

Facsimile: (202) 616-2427
Email: angela.mo@usdoj.gov
California Bar No. 262113

KENYEN R. BROWN
United States Attorney
Southern District of Alabama

/s/ Gary Alan Moore
GARY ALAN MOORE (MOORG6851)
Assistant United States Attorney
63 South Royal Street, Suite 600
Mobile, AL  36602
Telephone: (251) 441-5845
Facsimile: (251) 441-5051
Email: gary.moore2@usdoj.gov

**Attorneys for Plaintiff United States of America**


/s/ William A. Gunter
WILLIAM A. GUNTER (GUN005)
General Counsel
Alabama Department of Conservation and
        Natural Resources
Room 474
64 North Union Street
Montgomery, AL 36130
Telephone: (334) 242-3165

/s/ Bennett L. Bearden
BENNETT L. BEARDEN (BEA040)
General Counsel
Geological Survey of Alabama
P.O. Box 869999
Tuscaloosa, AL 35486-6999
Telephone: (205) 247-3683

Facsimile: (205) 349-2861
Email: bbearden@gsa.state.al.us

**Attorneys for Plaintiffs Alabama Department
of Conservation and Natural Resources
and the Geological Survey of Alabama**